UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JACK SMITH et al.,

               Plaintiffs,                       Case No. 1:07-cv-356

v.                                                             Honorable Robert Holmes Bell

MICHIGAN DEPARTMENT
OF CORRECTIONS et al.,

               Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiffs have paid the filing fee in the amount of $350.00. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). The Court must read Plaintiffs' *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiffs' complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiffs Jack Smith, Gary Francis Freeman Baublitz, Jesse Myles Phillips, Anthony Michael Flint, and Jerome Wilson are currently incarcerated in Lakeland Correctional Facility (LCF). In the complaint, Plaintiffs sue the Michigan Department of Corrections (MDOC), the Director of the MDOC Patricia L. Caruso, Warden of LCF Carol Howes, Deputy Warden Bonita Hoffner, Assistant Deputy Warden Dan Hawkins, Classification Director Randy Kruger, Grievance Coordinator Steven Winchester and Principal of Vocational Training and Academic Programs James Crenshaw.

Plaintiffs all have sentences of more than three years incarceration. Count I alleges that their constitutional rights have been violated because prisoners who have terms of less than three years receive preference to participate in vocational training programs.[1] Compl. at 7, docket #1. Plaintiffs assert that this preference results in the Plaintiffs being denied the opportunity to receive a job with higher pay and violates their rights under the Equal Protection clause and Michigan State Law. *Id.* In Count II, Plaintiffs assert that they have filed grievances seeking redress of the alleged violation of their rights and that their grievances were not timely addressed. *Id.* at 16. Count III alleges that both the preference given to certain prisoners for participation in the vocational training programs and the fact that their grievances were not timely addressed violated their constitutional

---

[1] Plaintiffs cite to MDOC Policy Directive 05.02.112. Presumably, they are referring to subsection L which states: "Prisoners shall be placed in appropriate ABE and GED preparation classes based on the results of the Test of Adult Basic Education (TABE) and as determined by education staff. Placement shall be provided as soon as possible; however, priority shall be given to prisoners who are sentenced for a crime committed on or before December 15, 1998, *and to those who are within two years of their earliest release date*." *Id.* (emphasis added).

rights of Due Process and Equal Protection. *Id.* at 18-19. Plaintiffs seek declaratory, injunctive and monetary relief. *Id.* at 15-17, 19.

In addition to their Complaint, Plaintiffs have filed a motion for a preliminary injunction (docket #3) and a motion for class certification (docket #4).

II. <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Due Process**

Plaintiffs assert that their Due Process rights have been violated because their grievances were not timely addressed and, as a result, they have not been given higher paying jobs. First, Plaintiffs have no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutional right to access an institutional grievance procedure. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Young v. Gundy*, No. 01-2111, 2002 WL 373740, at *2 (6th Cir. Mar. 7, 2002); *Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *Miller v.*

*Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Saylor v. O'Dea*, No. 96-6685, 1997 WL 693065, at *2 (6th Cir. Oct. 31, 1997); *Wilcox v. Johnson*, No. 95-1754, 1996 WL 253868, at *1 (6th Cir. May 13, 1996); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. March 28, 1994); *McGee v. Grant*, No. 88-1842, 1988 WL 131414, at *1 (6th Cir. Dec. 9, 1988); *Mahammad v. Serett*, No. 88-5396, 1988 WL 113996, at *1 (6th Cir. Oct. 24, 1988). Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at *1; *Wynn*, 1994 WL 105907, at *1. Because Plaintiffs have no liberty interest in the grievance process, Defendants' conduct did not deprive them of due process.

Second, Plaintiffs do not have a federally cognizable liberty interest in participating in rehabilitative treatment programs. Federal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment. *See, e.g.*, *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job"); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)  (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1995) (participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (no constitutional right to rehabilitative services); *Carter v. Morgan*, No. 97-5580, 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes); *Tribell v. Mills*, No. 93-5399, 1994 WL 236499, at *1 (6th Cir. June 1, 1994) ("[N]o constitutional right to vocational

or educational programs"). Under these authorities, Plaintiffs have no due process claim arising from Defendants' decision to deny Plaintiffs admission to the program.

In addition, the Substantive Due Process Clause does not provide any basis for relief. "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952); *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir.1993)); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). Plaintiffs' allegations in this case fail to meet this formidable standard, and, thus, they fail to state a claim that substantive due process rights were violated.

### B. Equal Protection

Plaintiffs claims also assert a violation of the Equal Protection Clause, in that they are treated differently from prisoners who have a sentence of less than three years. A claim that Plaintiff was treated one way and everyone else was treated another way, by itself, is not sufficient to state an equal protection claim. *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992). Rather, Plaintiff must show that he was victimized by some suspect classification. *Id*. Absent some allegation or proof that the policy was applied differently to Plaintiff because of race, gender, age, or some other improper classification, no equal protection claim has been stated. *See Wagner v. Higgins*, 754 F.2d 186, 194 (6th Cir. 1985) (Conte, J., concurring); *see also Galbraith v. N. Telecom, Inc.*, 944 F.2d 275, 282 (6th Cir. 1991) (a person's conduct is legitimate for purpose of the Equal Protection Clause even though it may have been mean-spirited, ill-considered, or other unjustifiable, objectionable, or unreasonable, so long as it was not motivated by class-based discrimination).

Also, Plaintiffs have not adequately alleged that they have been treated differently because they are members of any protected class. To establish a violation of the Equal Protection Clause, there must be proof that a discriminatory intent or purpose was a factor in an action taken by the prison officials. *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (to establish equal protection claim, inmate must prove that a racially discriminatory intent or purpose was a factor in the decision of the prison officials). Plaintiffs must allege that a state actor intentionally discriminated against them because of their membership in a protected class. *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990); *see Knop v. Johnson*, 977 F.2d 996, 1013-14 (6th Cir. 1992) (protection violated by a pattern of harassment that shows a selective discriminatory purpose). Accordingly, Plaintiffs fail to state a claim under the Equal Protection Clause.

### C. State Law Claims

Plaintiffs also assert violations of state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiffs complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Additionally, "[w]here a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits. *See Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991). *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998).

Moreover, Defendants' alleged failure to comply with the administrative rules does not itself rise to the level of a constitutional violation. *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). A state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber*, 953 F.2d at 240; *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). Section 1983 is addressed to remedying violations of federal law, not state law. Accordingly, Plaintiffs claims arising under state law should be dismissed without prejudice.

IV.   Other Motions

Having recommended dismissal of Plaintiffs' complaint, I also recommend dismissal of Plaintiffs' motion for a preliminary injunction and motion to certify Plaintiffs as a class as moot.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915A(b) and 42 U.S.C. § 1997e(c). I also recommend that Plaintiffs' state law claims should be dismissed without prejudice.

I further recommend that should this report and recommendation be adopted that Plaintiffs' motion for a preliminary injunction and motion to certify Plaintiffs as a class should be dismissed as moot. Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:   May 9, 2007                       /s/  Joseph G. Scoville
                                           United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).