UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JACK SMITH, et al., | |
| Plaintiffs, | Case No. 1:07-cv-356 |
| v. | Honorable Robert Holmes Bell |
| MICHIGAN DEPARTMENT OF CORRECTIONS, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

This civil rights action, brought by five state prisoners housed at the Lakeland Correctional Facility, challenges a policy of the Michigan Department of Corrections regarding vocational training programs. Plaintiffs allege that because they have more than three years to serve on their sentences, they are being passed over for participation in vocational programs, as priority is given to prisoners who are within two years of their earliest release date. By report and recommendation entered May 9, 2007, Magistrate Judge Joseph G. Scoville recommended that the complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c). Plaintiff Jack Smith, purporting to act for all *pro se* plaintiffs, has filed an objection to the report and recommendation. This court reviews timely objections to a report and recommendation *de novo*. FED. R. CIV. P. 72(b).

The court notes at the outset that the objection submitted by plaintiff Jack Smith must be deemed as applying to him alone, and not to any other plaintiff. A *pro se* party may represent

himself only.  *See* 28 U.S.C. § 1654; *see also Shepard v. Wellman*, 313 F.3d 463, 470 (6th Cir. 2002); *accord Winkleman ex rel. Winkleman v. Parma City Sch. Dist.*, 127 S. Ct. 1994, 1999 (2007). Plaintiff Smith's objections therefore satisfy only his obligation to file timely objections under 28 U.S.C. § 636(b)(1)(B).  The other *pro se* plaintiffs have not submitted timely objections, and the time for them to do so has elapsed.

Upon *de novo* review of plaintiff Smith's objections, the court independently concludes that plaintiffs have failed to state a claim upon which relief can be granted against any party.  First, the State of Michigan is immune from suit in the federal courts under Eleventh Amendment principles.  *See Alden v. Maine*, 527 U.S. 706, 712-13 (1999).  This immunity extends to all suits, regardless of the relief sought.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984); *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993).  Consequently, all claims against the State of Michigan must be dismissed on grounds of immunity.

Second, plaintiffs' claims of a constitutional right to participate in prison programs have no constitutional underpinning.  The magistrate judge was correct in concluding that prisoners have no recognized liberty or property interest in prison vocational or educational programs.  *See, e.g., Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989).  In response to this finding, plaintiff Smith persists in his argument that a liberty interest exists, relying on older cases that discern a liberty interest arising in the prison context from regulations that place substantive limitations on official discretion.  *See, e.g., Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454 (1989).  The Supreme Court, however, has repudiated this line of authority as it applies to prison conditions.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  Under *Sandin*, a state-created liberty interest arises only

from regulations establishing freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 48. It is no longer enough that official discretion is constrained by mandatory language and substantive predicates. *Id.* at 481-84. Restrictions on eligibility to participate in prison education and vocational programming falls far short of the standard established by *Sandin*. Furthermore, despite plaintiff Smith's arguments to the contrary, the federal Constitution does not require prison officials to adhere to their own regulations. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (*en banc*); *Newell v. Brown*, 981 F.2d 880, 885 (6th Cir. 1992). Consequently, a federal civil rights action that alleges that prison officials are violating their own policies and regulations fails to state a claim upon which relief can be granted.

Finally, plaintiff Smith has not stated a claim for an equal protection violation. The complaint discloses no action based on a protected class or suspect classification. An administrative decision that marshals scarce resources by giving priority to those prisoners closest to their release dates is judged by the rational relationship test. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 575-76 (6th Cir. 2005). The state policy at issue in this case easily passes scrutiny under that test.[1]

---

[1] Plaintiff Smith has also made a vague request for leave to amend his complaint. The amendment, found at pages 9 and 10 of his objections, adds nothing to the substance of this case. In essence, the amendment seeks to argue that vocational training should be awarded on the basis of seniority. The federal Constitution does not require that prison opportunities be based on the seniority system, and it is futile to argue to the contrary.

For the foregoing reasons, the court will overrule the objections of plaintiff Jack Smith and enter a judgment dismissing plaintiffs' complaint.


Date:     May 31, 2007               /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE